# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELWOOD PORTER, IV, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| | Civil Action |
| v. | No. 16-6424(JBS-AMD) |
| CAMDEN COUNTY | |
| CORRECTIONAL FACILITY, | **OPINION** |
| Defendant. | |

APPEARANCES:

Elwood Porter, IV, Plaintiff Pro Se
39 South Broadway, Apt. B-4
Woodbury, NJ 08096

**SIMANDLE, District Judge:**

## I.    INTRODUCTION

Plaintiff Elwood Porter, IV seeks to bring a civil rights Complaint pursuant to 42 U.S.C. § 1983 against Camden County Correction Facility ("CCCF") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, it is clear from the Complaint

that the claim arose more than two years before the Complaint
was filed. It is therefore barred by the two-year statute of
limitations that governs claims of unconstitutional conduct
under 42 U.S.C. § 1983. The Court will therefore dismiss the
Complaint with prejudice for failure to state a claim. 28 U.S.C.
§ 1915(e)(2)(b)(ii).

## II.  BACKGROUND

The Complaint alleges that Plaintiff was "made to sleep on
ground in very unsanitary living conditions. Sleeping next to
toilet due to overcrowding of the facility" during "December
2012." Complaint §§ III(B)-(C). Plaintiff sustained "a boil due
to the dirty conditions." *Id*. § IV. Plaintiff seeks relief of
"monetary compensation." *Id*. § V.

## III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints
prior to service of the summons and complaint in cases in which
a plaintiff is proceeding *in forma pauperis*. The Court must *sua
sponte* dismiss any claim that is frivolous, is malicious, fails
to state a claim upon which relief may be granted, or seeks
monetary relief from a defendant who is immune from such relief.
This action is subject to *sua sponte* screening for dismissal
under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding
*in forma pauperis*.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

The Complaint alleges that Plaintiff experienced unconstitutional conditions of confinement while incarcerated in "December 2012." Complaint § III(B). Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773

F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

The allegedly unconstitutional conditions of confinement, namely the purported overcrowding and sleeping conditions in cells, would have been immediately apparent to Plaintiff at the time of detention; therefore, the statute of limitations for Plaintiff's claims expired in December 2014 at the latest, well before this Complaint was filed in 2016. Plaintiff has filed this lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of Plaintiff's cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing the claim, and there is nothing to indicate Plaintiff filed the claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

As it is clear from the face of the Complaint that more than two years have passed since Plaintiff's claims accrued, the Complaint is dismissed with prejudice, meaning Plaintiff may not file an amended complaint concerning the events of "December 2012." Complaint § III(B). *Ostuni v. Wa Wa's Mart*, 532 F. App'x

110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

**V.   CONCLUSION**

For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.


**June 30, 2017**                      **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                       U.S. District Judge